# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **NORBERT BASENGEZI KATINTIMA**<br>　　　15 Joli Parc<br>　　　Ngaliema, Kinshasa<br>　　　Democratic Republic of the Congo<br><br>　　　　　　　　　　*Plaintiff,*<br><br>　　　　　　　*v.*<br><br>**ANDREA M. GACKI**<br>**in her official capacity as**<br>　　　**Director of the United States**<br>　　　**Department of the Treasury**<br>　　　**Office of Foreign Assets Control**<br>　　　1500 Pennsylvania Avenue, NW<br>　　　Freedman's Bank Building<br>　　　Washington, D.C. 20220<br><br>　　　　　　　　　　*Defendant,*<br><br>　　　and<br><br>**THE UNITED STATES DEPARTMENT**<br>**OF THE TREASURY, OFFICE OF FOREIGN**<br>**ASSETS CONTROL**<br>　　　1500 Pennsylvania Avenue, NW<br>　　　Freedman's Bank Building<br>　　　Washington, D.C. 20220<br><br>　　　　　　　　　　*Defendant.* | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>CIV. NO. _____<br><br>**ECF** |

Plaintiff, Norbert Basengezi Katintima ("Katintima"), brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of this Complaint alleges the following:

**INTRODUCTION**

1.      On January 10, 2019, the preliminary results of the 2018 Democratic Republic of the Congo ("DRC") general elections were announced.  Those elections heralded the first peaceful, democratic transition of power in that country in decades, with President Felix Tshishikedi—an opposition candidate—ascending to the DRC Presidency.

2.      The United States Department of State has since referred to the DRC's election results as historic and highlighted the importance of former President Joseph Kabila's decision to abide by his constitutionally mandated term limits and to transfer power to a successor. The Department of State further "welcomed" President Tshishikedi's certification as the new DRC President and expressed its commitment to work with the new DRC Government.

3.      The Defendants, on the other hand, greeted this historic and democratic transfer of power by sanctioning three officials of the National Independent Electoral Commission ("CENI")—the body responsible for organizing and administering the DRC elections. Those officials were sanctioned for allegedly engaging in actions or policies that undermine democratic processes or institutions in the DRC. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Congolese Officials Responsible for Undermining DRC Elections (March 21, 2019).

4.      Defendants' actions were not only confusing from a foreign policy perspective, they were completely arbitrary and non-sensical and left DRC experts baffled.  For example, Jason Stearns of the Congo Research Group—one the foremost experts on the DRC—called the sanctioning of Katintima and his colleagues "…completely incoherent in terms of just logic." Chidinma Irene Nwoye, U.S. Warmly Welcomed Congo's Disputed Election Results—But Has Been Sanctioning Its Election Officials Ever Since, THE INTERCEPT (April 3, 2019), available at

https://theintercept.com/2019/04/03/congo-elections-us-sanctions/ (last accessed November 4, 2019).

5.     It is this dissonance—i.e., how the heads of an election commission which oversaw a welcomed and historic result in the 2018 DRC elections could also be deemed by the Defendants as having undermined democratic processes in that country—which lies at the heart of this lawsuit.

6.     Katintima—one of the officials sanctioned by Defendants—was formerly CENI's Vice-President. In that position, he was responsible for managing relations between CENI and the DRC's political parties, as well as conducting civic education and supervising election-related trainings. It was also through his efforts that the DRC's 2018 election led to the first peaceful, democratic transition of power in decades and that the U.S. Government had the opportunity to "welcome" a new President.

7.     As a result of Defendants' action, all of Katintima's property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in transactions with him. *Id.* Furthermore, foreign persons that materially assist, including by providing financial support or goods or services to Katintima are subject to designation under E.O. 13413, as amended.  Defendants have effectively imposed a unilateral international boycott against Katintima—the effects of which have been to devastate Katintima personally, professionally, and financially.

8.     Compounding these harms, Defendants have continued to withhold the administrative record underlying his designation, despite his express requests for that record, leaving Katintima with only OFAC's press release to rely on to understand the basis of his designation. The OFAC press release, however, only contains allegations which are of dubious relevance to the legal criteria for designation under E.O. 13413.

9.      The sum of Defendants' actions has therefore disabled Katintima's ability to pursue the procedures available to him under the Administrative Procedure Act and OFAC's own delisting procedures, as the lack of notice of the reasons for his designation prevents him from having a meaningful opportunity to challenge it.

10.      Katintima now turns to this Court to grant him reprieve from this Kafkaesque nightmare; one in which he—as a custodian of a historically democratic election accepted by the U.S.—is being punished for undermining democracy. This nightmare arises from Defendants' failure to abide by basic rules of constitutional and administrative law. Accordingly, this Court is respectfully requested to rein in Defendants' lawless approach to the administration of U.S. economic sanctions and to grant the relief requested below.

## JURISDICTION AND VENUE

11.      This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq*., and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

12.      This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Fed. R. Civ. P. 57. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. 65.

13.      Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

14.     Norbert Basengezi Katintima is and was at all times relevant to this complaint a citizen of the Democratic Republic of the Congo. Katintima currently resides at 15 Joli Parc, Ngaliema, Kinshasa, DRC.

15.     Katintima was formerly the Vice President of the CENI— the DRC's independent electoral commission charged with ensuring free and fair elections—a position that he held from November 2015 until June 2019. Prior to this role, Katintima was an elected member of the DRC Parliament and was the Second Vice President of the Independent Electoral Commission—the predecessor to CENI—where he helped register more than 25 million voters to take part in the first-ever democratic elections in the DRC. Katintima has spent much of his life focused on ensuring free and fair democratic elections in the DRC.

16.     Katintima is designated under E.O. 13413, as amended, and his name is included on OFAC's List of Specially Designated Nationals and Blocked Persons ("SDN List").

17.     OFAC is a federal administrative agency of the U.S. Department of the Treasury and is located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington, D.C. 20220. OFAC is responsible for administering U.S. economic sanctions programs, including by designating persons pursuant to authorities contained in E.O. 13413, as amended, and regulating dealings with them under those authorities via 31 C.F.R. Parts 501 and 547, the "Reporting, Procedures, and Penalties Regulations," and the "Democratic Republic of the Congo Sanctions Regulations," respectively. OFAC was responsible for designating Katintima under E.O. 13413, as amended.

18.     Defendant Andrea M. Gacki is the Director of OFAC. The Director of OFAC is delegated all authorities provided to the Secretary of the Treasury under E.O. 13413, as amended. 31 C.F.R. § 547.802. Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

### A.     OFAC's March 21, 2019 Designation of Katintima

19.     On March 21, 2019, OFAC designated Katintima under E.O. 13413, as amended, for allegedly engaging in actions or policies that undermine democratic processes or institutions in the DRC. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Congolese Officials Responsible for Undermining DRC Elections (March 21, 2019). As a result of this designation, Katintima's name was added to OFAC's SDN List.

20.     Simultaneous with its designation, OFAC issued a press release announcing the designation. This press release alleged that Katintima "embezzled and misappropriated CENI operational funds, facilitating election delays," including through CENI officials operating at his direction. *Id*. Katintima contests these allegations.

21.     The legal consequence of Katintima's designation is that all of his property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are prohibited from engaging in transactions or dealings with him. Moreover, U.S. or foreign persons that provide material assistance to Katintima—including through provision of financial services or any other goods or services—are subject to designation under E.O. 13413, as amended, and could thus themselves be subject to blocking sanctions. *See* E.O. 13413, § 1(a)(ii)(F) (Oct. 27, 2006).

### B.     Katintima's Request for the Administrative Record

22.     Because he lacked an understanding of the reasons for his designation, Katintima requested the administrative record underlying his designation or any unclassified portions of that

record, as well as an unclassified summary of any classified or otherwise privileged information contained in it. Katintima also requested any alternative mechanisms available by which OFAC could apprise him of, or from which Katintima could otherwise understand, the reasons for his designation. OFAC acknowledged receipt of this request on April 19, 2019 and assigned the request a Case ID DRC-15945.

23.     Although more than six months have passed since Katintima made this request, OFAC has failed to provide any of the information requested.

24.     Without the administrative record or any other form of notice, Katintima is unable to meaningfully challenge his designation, as he is unaware as to the reasons for OFAC's action or how the information in the press release may or may not be relevant to the reasons for his designation. For this reason, Katintima has not filed a delisting petition before OFAC, absent an understanding as to the full reasons for his designation.

**C.     Harm Done to Katintima**

25.     Defendants' unlawful action has been personally, professionally, and financially devastating for Katintima, as he has been made the subject of an international boycott whereby persons all over the world—including in his home country—are subject to potential designation by Defendants for engaging in any transactions or dealings with him.

26.     The immediate effect of Defendants' designation action was to cause Sofibanque and Equity Bank Congo—both in Katintima's home country of the DRC—to block Katintima's accounts, freezing $26,000 USD of his money in the process. Further, the designation action has denied Katintima the ability to have banking facilities available for receipt of funds or transferring money, even in his own country.

27.      In addition, Katintima's grandchildren are U.S. citizens. Now, as a result of his designation by OFAC, Katintima is prohibited from engaging in any transactions with them, including, for instance, by doing something as innocuous as providing them with gifts for their birthdays or other holidays.

28.      Defendants fully acknowledge the ruinous costs imposed on designated persons, such as Katintima. Defendants have openly lauded the fact that sanctions impose "professional, personal, and financial isolation" on designated persons. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, U.S. Government Sanctions Organizations and Individuals in Connection with an Iranian Defense Entity Linked to Iran's Previous Nuclear Weapons Effort (March 22, 2019). Indeed, Defendants regard their sanctions as "force multipliers," so that, for instance, "international financial institutions frequently implement [U.S.] sanctions voluntarily, even when they are under no legal obligation to do so," by blacklisting designated persons from accessing their services. Examining Treasury's Role in Combating Terrorist Financing Five Years After 9/11, Hearing Before the Comm. on Banking, Housing and Urban Affairs, 109th Cong., S. Hrg. 109-1073 (statement of Adam J. Szubin).

## LEGAL CLAIMS

### COUNT I

DEFENDANTS' FAILURE TO PROVIDE NOTICE AS TO THE REASONS FOR KATINTIMA'S DESIGNATION UNDER E.O. 13413 VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS

29.      Katintima re-alleges and incorporates by reference as it fully set forth herein the allegations in all preceding paragraphs.

30.     Under the Fifth Amendment to the U.S. Constitution, Katintima has a right to adequate post-deprivation notice. Sufficient notice requires Defendants to provide Katintima with the reasons for his designation so as to permit him a meaningful opportunity to respond.

31.     Under the Fifth Amendment to the U.S. Constitution, Katintima has a right to a hearing. Any constitutionally adequate hearing must provide Katintima with the opportunity to be heard in a meaningful manner.

32.     By failing to release the administrative record, any portions thereof, or any other form of notice designed to apprise Katintima as to the reasons for his designation, Defendants have denied him a meaningful opportunity to challenge his designation. These actions have prevented Katintima from making effective use of OFAC's administrative reconsideration procedures. Therefore, Defendants have acted in violation of Katintima's due process rights under the Fifth Amendment to the U.S. Constitution.

## COUNT II

### DEFENDANTS' FAILURE TO PROVIDE NOTICE AS TO THE REASONS FOR KATINTIMA'S DESIGNATION UNDER E.O. 13413 VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

33.     Katintima re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

34.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or without observance of procedure required by law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

35.     The APA entitles interested parties to appear before an agency with respect to any "issue, request, or controversy in a proceeding . . . or in connection with an agency function." 5

U.S.C. § 555(b). Agencies are required to issue a decision with respect to these requests within a reasonable time. *Id*.

36.     OFAC promulgates procedures by which parties subject to its sanctions can petition for reconsideration of their designation and delisting from the SDN List. 31 C.F.R. § 501.807. Pursuant to OFAC's delisting procedures, a designated person "may submit arguments or evidence that the person believes establishes that insufficient basis exists for the designation" or "propose remedial steps on the person's part . . . which the person believes would negate the basis for designation." 31 C.F.R. § 501.807(a). Designated persons may also argue that there has been a change in circumstances rendering inapplicable the reasons for the original designation. 31 C.F.R. § 501.807.

37.     By failing to release the administrative record, any portions thereof, or any other form of notice reasonably designed to apprise Katintima as to the basis for his designation, Defendants have denied Katintima a meaningful opportunity to challenge his designation. In sum, Defendants have failed to provide Katintima with sufficient notice as to the basis for his designation and have thus prevented Katintima from making effective use the APA's and OFAC's administrative reconsideration procedures. Defendants have therefore acted in violation of the APA by engaging in agency action that is arbitrary, capricious, an abuse of discretion, or that is not in accordance with law or in observance of procedure required by law.

## COUNT III

DEFENDANTS' FAILURE TO PROVIDE THE UNCLASSIFIED PORTIONS OF THE
ADMINISTRATIVE RECORD OR ANY OTHER NOTICE CONSTITUTES
UNREASONABLE DELAY IN VIOLATION OF THE APA

38.     Katintima re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

39.     The APA empowers courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

40.     Defendants have failed to provide Katintima with the unclassified portions of the administrative record or any other notice reasonably designed to apprise him of the reasons for his designation under E.O. 13413, as amended.

41.     Defendants are required under the APA and the Fifth Amendment to the U.S. Constitution to provide sufficient notice to a designee as to the reasons for their designation, including, the unclassified portions of the administrative record.

42.     Defendants' failure to act on Katintima's request and provide the record or any other notice constitutes unreasonable delay in violation of the APA.

## COUNT IV

### DEFENDANTS' DESIGNATION OF KATINTIMA UNDER E.O. 13413 CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

43.     Katintima re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

44.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

45.     Defendants' designation of Katintima under E.O. 13413 is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the APA, as Katintima does not meet the criteria for designation under E.O. 13413 and OFAC has made no findings or conclusions to support its decision.

## RELIEF REQUESTED

Wherefore, Katintima respectfully requests that this Court:

A.   Issue an order vacating Katintima's designation under E.O. 13413;

B.   Order Defendants to rescind Katintima's designation under E.O. 13413;

C.   Order Defendants to disclose the administrative record or any unclassified portions of such record so as to apprise Katintima as to the reasons for his designation under E.O. 13413;

D.   Order Defendants to produce an unclassified summary of classified or otherwise privileged information contained in the administrative record, which—together with the unclassified version of the administrative record—fully apprises Katintima as to all of the reasons for his designation under E.O. 13413;

E.   Order Defendants to provide alternative means by which Katintima can be given sufficient notice as to the reasons for his designation under E.O. 13413 in the event that OFAC is unable to disclose all of the reasons for the designation through the redacted version of the administrative record and an unclassified summary;

F.   Grant an award to Katintima of his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq*., and any other applicable provision of law; and

G.   Any other and further relief as the Court may deem proper.


Dated:  November 12, 2019

Respectfully submitted,

/s/ Erich C. Ferrari
Erich C. Ferrari, Esq.

12

Ferrari & Associates, P.C.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253


Attorney for Plaintiff
*Norbert Basengezi Katintima*